WILCOX v. HEINZ.

WORKMEN'S COMPENSATION — TRANSCRIPT OF TESTIMONY — APPEAL FROM DEPUTY COMMISSIONER—HEARING.

Failure of reporter, designated by department of labor and industry to take testimony at hearing before deputy commissioner, to furnish transcript of such testimony within period of over seven months after hearing and after repeated requests by both appellants and department *held,* to render erroneous the entry of an order, affirming deputy's award to plaintiff, without notice to appellants, since they are entitled to hearing on testimony, taken by such reporter, if procurable, and if not, upon testimony taken before the department.

Appeal from Department of Labor and Industry. Submitted April 14, 1936. (Docket No. 81, Calendar No. 38,733.) Decided June 4, 1936.

Frank M. Wilcox presented his claim against Frank J. Heinz, employer, and Employers Mutual Liability Insurance Company, insurer, for com-

pensation for injuries suffered while in defendant's
employ. On petition for further compensation. De-
fendants review entry of order affirming deputy
commissioner's award to plaintiff by appeal in the
nature of certiorari. Award vacated and cause re-
manded for further proceedings.

*Derham & Derham,* for defendants.

WIEST, J. A deputy commissioner, on February
23, 1935, awarded plaintiff compensation upon a
hearing at which testimony was taken by a reporter
designated by the department of labor and industry,
as provided by Rule No. 10 (1935) of the depart-
ment.[*]

Defendants appealed in due form to the full de-
partment and, two days after filing the appeal, the
attorney for defendants requested the official re-
porter to transcribe the testimony at his expense.
This was not complied with and about six weeks
later defendants' attorney personally called upon
the reporter and again requested that the testimony
be transcribed. Thereupon the reporter advised the
department of the two requests, as did also the at-
torney for defendants. On May 23, 1935, defend-
ants' attorney again advised the department of the
request for the transcript and failure to obtain it,
and on June 27th the department extended the time
for 30 days. On August 6, 1935, defendants' at-
torney again requested the department's reporter
to transcribe the testimony and so advised the de-
partment. On August 12, 1935, the department,
through its secretary, requested the reporter to

---

[*] Department Rule No. 10 (1935), effective September 1, 1935,
amended and superseded Rule No. 16 (1930), as amended October 1,
1931.—REPORTER.

furnish the testimony, but without success, and the testimony was never furnished.

On October 2, 1935, the department, without notice, entered an order affirming the award of the deputy on the ground that the defendants had failed to file a transcript of the testimony, as required by Rule No. 16 (1930) of the department.

Defendants review by appeal in the nature of certiorari.

By reason of the neglect of the department's reporter to furnish the transcript of testimony, defendants, without any fault on their part, have been deprived of their "day in court." The department, through the unavailing effort of its secretary, should have been aware of the reason why the transcript of testimony was not filed.

The award is vacated, with costs to defendants, and the case remanded to the department for a hearing upon the testimony taken by the department reporter, if it can be procured, and if not, then upon testimony taken before the full department.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.